IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONY SHOEMAKER, IDOC # B-23560, )
)
               Plaintiff, )
)
vs. ) CIVIL NO. 10-1047-GPM
)
DR. KRIEG, *et al.*, )
)
               Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      Plaintiff Tony Shoemaker, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving two consecutive 30 year sentences for aggravated criminal sexual assault and home invasion. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A.

      An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

The following facts are gleaned from Plaintiff's complaint (Doc. 1) and copies of grievances included as exhibits (Doc. 1-1, p. 1-5). On August 11, 2009, while working at his prison job, Plaintiff was injured when a heavy cart loaded with bags of ice ran over his foot. Plaintiff was immediately taken to the Health Care Unit (HCU) and examined. His foot was swollen and he was in severe pain. Defendant Dr. Krieg ordered x-rays, which were taken by x-ray technician Defendant Ruppert.[1] After viewing the x-rays, Defendants Krieg and Ruppert informed Plaintiff that

---

[1] Plaintiff refers to this Defendant in the caption of the complaint as Ms. R. Huppert, and the Clerk identifies her as R. Huppert in the docket sheet. However, throughout the rest of the complaint and exhibits, Defendant refers to her as Ms. B. Ruppert. It is obvious from the complaint that Plaintiff is referring to a single individual, and the Court will identify her as Defendant Ruppert.

he had a bad sprain, but no broken bones. He was given Ibuprofen and allowed to stay off work for four days.

The day before he was to return to work, Plaintiff requested his gallery officer to take him to the HCU, because the pain and swelling were worse and the foot was black and blue. Plaintiff later sent a written request to be called to the HCU. Plaintiff was never seen by any HCU staff, but was informed by HCU that he would have an additional three days of "lay-in" time before he would have to return to work. Plaintiff returned to work on August 18, 2009, after his lay-in expired, and informed his boss of his continued severe pain and swelling, which was worsened by Plaintiff's need to be on his feet while working. Plaintiff continued to work until he was called to the HCU the next day.

At this HCU visit (on August 19, 2009), Plaintiff was seen by Dr. Platt (who is not named as a defendant). This doctor informed Plaintiff that his original x-ray had been sent to an outside specialist, who detected a fracture. A new x-ray was taken that day by Defendant Ruppert, on Dr. Platt's orders. Dr. Platt showed Plaintiff the two x-rays and stated that "[Defendant] Dr. Krieg had missed the fracture" (Doc. 1-1, p. 2). Dr. Platt placed Plaintiff's leg in a knee-high cast and kept him in the HCU overnight. Plaintiff received two Tylenol, and was given a sixty-day lay-in. After Plaintiff left the HCU, he was given no further pain medication, despite continuing to experience pain from the broken foot.

Plaintiff filed a grievance over these events on August 27, 2009, which was denied (Doc. 1-1, p. 3). He then filed a "supplemental update" to that grievance on October 5, 2009 (Doc. 1-1, p. 3-6). In it, he asserted, contrary to the earlier findings of the grievance officer, that he complained constantly of pain and requested medication during the 23 hours he spent in the HCU after getting

his cast, but was given none (Doc. 1-1, p. 3). He further states that, other than one "card" of Motrin on August 11, 2009, and one dose of Tylenol on August 19, he was given no pain medication at all until September 25, 2009, when Dr. Platt gave him a 30 day prescription for Ibuprofen (Doc. 1-1, p. 4).

Prior to receiving the pain medication on September 25, 2009, Plaintiff had made several other visits to the HCU. He saw Defendant Krieg again on September 3, when, based on a new x-ray, Defendant Krieg informed Plaintiff there was no fracture, and removed his cast. Another x-ray was taken the following day. On September 11 (one month after the injury), the HCU informed Plaintiff that the x-rays showed no fracture and Plaintiff could come off his lay-in if he desired. Plaintiff then returned to work from September 14-17, but experienced worsening pain in the injured foot. Plaintiff went back to the HCU and saw Defendant Krieg on September 17. Defendant Krieg then informed Plaintiff, contrary to his earlier assessment, that Plaintiff did have a fracture. Defendant Krieg offered Plaintiff the option of another 30-day lay-in, or having another cast put on. Plaintiff chose Defendant Krieg's recommended treatment of the 30-day lay-in (Doc. 1-1, p. 4). Plaintiff's next HCU visit was on September 25, when Dr. Platt prescribed Ibuprofen in response to Plaintiff's complaint that he had been given no pain medication since the original fracture diagnosis.

Plaintiff asserts that Defendants Krieg and Ruppert tried to conceal his fracture and improperly treated the injury. Furthermore, he claims that Defendants Cowan (the grievance officer), Gaetz (the warden), Johnson (of the Administrative Review Board), and Randall (the former director of the Illinois Department of Corrections), advocated concealment of his injuries when they denied his grievance.

In addition to compensatory and punitive damages, Plaintiff seeks a transfer to another institution.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Introduction: Deliberate Indifference to Serious Medical Needs**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary

and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

Without a doubt, Plaintiff suffered from an objectively serious condition. He sustained an injury which obviously required treatment, significantly affected his activities, and resulted in substantial and ongoing pain.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

A delay in providing medical treatment "may constitute deliberate indifference if the delay

exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010); *Edwards v. Snyder,* 478 F.3d 827, 832 (7th Cir. 2007) ("a plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition"). The Seventh Circuit has also found that an Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing or refuses to refer the inmate to a specialist. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

**Count 1 - Failure to Diagnose Fracture**

Plaintiff's allegations against Defendants Krieg and Ruppert for failure to properly diagnose and treat his fracture fall within the realm of potential negligence or malpractice, and therefore do not state a constitutional claim. This holds true both for their original misdiagnosis on August 11, 2009, and for Defendant Kreig's later alleged misdiagnoses on September 3 and 11, 2009. While a delay in properly treating a fracture may constitute deliberate indifference if a Defendant were aware of the condition, the facts outlined by Plaintiff lead to a conclusion that these Defendants' delay in treating Plaintiff's fracture was a direct result of their failure to properly detect it, rather than a deliberate denial of treatment. Plaintiff notes that somebody in the HCU, possibly Defendant Krieg, did send his x-ray to an outside specialist, which resulted in the eventual diagnosis of the fracture on August 19.

Plaintiff's contention that these Defendants and others "blatantly attempted to conceal" his injuries is a speculative conclusion that is not supported by the factual allegations in the complaint,

and likewise does not state an actionable claim. Therefore, this portion of Plaintiff's claim against Defendants Krieg and Ruppert must be dismissed.

**Count 2 - Failure to Provide Pain Medication**

Plaintiff alleges that in addition to the unsatisfactory diagnosis and treatment of his foot injury, Defendant Krieg failed to provide him with pain medication, despite Plaintiff's complaints of persistent and severe pain. The failure to treat pain may constitute deliberate indifference when, as here, the inmate informs medical personnel of his serious medical condition, and particularly when the pain persists over a significant period of time. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828-29 (7th Cir. 2009); *Walker v. Benjamin,* 293 F.3d 1030, 1040 (7th Cir. 2002).

Despite his initial diagnosis that Plaintiff suffered from a bad sprain instead of a fracture, Defendant Krieg was aware that either condition would produce pain, and indeed Plaintiff asserts that he told Defendant Krieg and others that he was in pain and needed relief. Plaintiff was given "some" Ibuprofen at his first HCU visit on August 11, and two Tylenol when Dr. Platt had a cast put on his leg on August 19. However, Plaintiff asserts he received no further pain medication, despite several visits to Defendant Krieg, until Dr. Platt gave him a prescription for Ibuprofen on September 25, 2009. Plaintiff's allegations that he suffered for over a month from severe ongoing pain but was given no pain medication by Defendant Krieg state a claim for deliberate indifference that cannot be dismissed at this stage.

**Defendants Malley and Wexford Health Sources, Inc.**

Although Plaintiff includes in the caption of his complaint Defendant Malley (the HCU

administrator) and Wexford Health Sources, Inc. ("Wexford," the company that provides contractual medical services to the Illinois Department of Corrections), he fails to make any specific allegations of wrongdoing against these Defendants. As a result, the Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants.

The reason that Plaintiffs–even those proceeding *pro se* for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)–are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Plaintiff may have included these Defendants in the mistaken belief that they can be held responsible for the misdeeds of their subordinate employees. However,"[t]he doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir.

2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). The same holds true for Wexford; Plaintiff makes no allegation that any individual Defendant acted or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Medical Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation).

Because Plaintiff has made no allegations against Defendants Malley and Wexford, he has not adequately stated claims against them. Moreover, they cannot be held liable in a supervisory capacity. For these reasons, Defendants Malley and Wexford Health Sources, Inc., will be dismissed from this action with prejudice.

**Defendants Cowan, Gaetz, Johnson, and Randall**

Plaintiff alleges that Defendants Cowan (the grievance officer) and Gaetz "advocated concealment" of Plaintiff's injuries "when they blatantly failed to ascertain and effectuate the outside review and analysis relying upon the Healthcare Unit relevant memo of September 17th of 2009" (Doc. 1, p. 5). Plaintiff appears to be referring to these Defendants' denial of his grievance over improper medical care of his injured foot. He also appears to take issue with Defendant Johnson's later denial of his grievance at the Administrative Review Board level, and Defendant Randall's concurrence with that denial.

None of these Defendants had any direct role in the provision of medical care to Plaintiff, therefore he fails to state a claim against them for deliberate indifference to his medical needs. Furthermore, as stated above, there is no supervisory liability in a § 1983 action. *See Burks v.*

*Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Finally, if Plaintiff seeks to assert a claim against these Defendants for their denial of his grievances, that also must fail. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). In addition, Plaintiff has no constitutional right to have his grievances resolved in his favor. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired).

For these reasons, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Cowan, Gaetz, Johnson, and Randall, and these Defendants must be dismissed from the action with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT ONE** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice. Defendant **RUPPERT** (listed in the docket sheet as **MS. R. HUPPERT**) is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Defendants **COWAN, GAETZ, JOHNSON, MALLEY, RANDALL,** and **WEXFORD HEALTH SOURCES, INC.,** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that as to **COUNT TWO**, the Clerk of Court shall prepare

for Defendant **KRIEG**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 8/31/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge