**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TONY SHOEMAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-1047-GPM** |
| | ) | |
| **JAMES KRIEG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendant James Krieg's motion for summary judgment (Doc. 26). Plaintiff Tony Shoemaker filed this 42 U.S.C. § 1983 action claiming that Defendant acted in deliberate indifference to Plaintiff's serious medical need (Doc. 19). Upon threshold review pursuant to 28 U.S.C. § 1915A, only Plaintiff's claim for deliberate indifference based on Defendant's alleged failure to provide pain medication is at issue (Doc. 7).

**Factual Background**

The facts are taken in the light most favorable to Plaintiff. On August 11, 2009, a cart loaded with bags of ice rolled over Mr. Shoemaker's right foot while he was working at his job assignment in Menard Correctional Center (Doc. 19, ¶ 4). Plaintiff was taken to the health care unit where he was seen by a medical technician. *Id.* It is unclear at what time Defendant, a doctor working in Menard's healthcare unit, examined Mr. Shoemaker on August 11, but he did see him and ordered an x-ray, a four-day lay-in, a follow-up in seven days, and Motrin as needed

(Doc. 27-1, p. 4).  On the 11th, Defendant diagnosed not a fracture, but a "compression injury" (*Id.*).  Plaintiff was seen in the healthcare unit again on August 19, 2009—though he had complained of "excruciating" pain in the intervening time (Docs. 19, 27-1).  Plaintiff was not seen by Defendant at that visit, but another physician who informed plaintiff that his x-ray film had been reevaluated and did show a fracture (Doc. 19).  Another x-ray was ordered (Doc. 19, ¶ 10), Plaintiff's foot was casted, and he was given Tylenol (Doc. 27-1, p. 6).  Plaintiff was discharged from the healthcare unit on August 20 with a note for a sixty day lay-in.  On the 20th, when a nurse checked on him, Plaintiff denied that he was experiencing any pain (Doc. 27-1, p. 7). Plaintiff followed-up with Defendant on September 3, 2009 at which time Defendant removed Plaintiff's cast (Doc. 19, ¶ 13).  Plaintiff returned to the healthcare unit the following day for more x-rays (*Id.*).  On September 14, Plaintiff chose to forgo the remainder of his lay-in time and return to work (*Id.*).  The pain in his foot worsened, and Plaintiff returned to the healthcare unit on September 17, where he was again seen by Defendant (*Id.*).  According to Plaintiff, he was given a choice in treatment options, and Plaintiff chose a thirty-day lay-in over recasting (*Id.*).  Plaintiff had another follow-up visit on September 25, 2009.  He was not seen by Defendant, but another physician who wrote a prescription for Motrin (Doc. 27-1, p. 12).

## Legal Standard

The standard applied to summary judgment motions filed under Rule 56 is well-settled and has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party.  Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on

> the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted). "We often call summary judgment, the 'put up or shut up' moment in litigation, by which we mean that the non-moving party is required to marshal and present the court with the evidence she contends will prove her case. And by evidence, we mean evidence on which a reasonable jury could rely." *Goodman v. National Security Agency, Inc.,* 621 F.3d 651, 654 (7th Cir.2010).

To prevail on a claim of deliberate indifference to a serious medical need, Plaintiff must first show that his condition was "objectively, sufficiently serious" and that the prison official acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005) (citations and quotation marks omitted). "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), *quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Prison officials are not liable under the Eight Amendment's "cruel and unusual punishments" clause unless the official "knows of and disregards" a risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To amount to deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A prison official's "failure to alleviate a

significant risk, that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* "Even if the defendant recognizes the substantial risk, he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010), *quoting* Farmer, 511 U.S. at 843).

Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Duckworth,* 780 F.2d at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). An inmate is not entitled to demand specific care, nor is he entitled to the best-possible care. *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). Rather, an inmate is entitled to reasonable measures to meet a substantial risk of serious harm. *Id.* While an Eighth Amendment claim may lie when a prison doctor persists in a course of treatment known to be ineffective or fails to order further testing, *Greeno v. Daley,* 414 F.3d 645, 655 (7th Cir. 2005), an inmate's disagreement with the course of his medical treatment does not constitute an Eighth Amendment claim of deliberate indifference. *Snipes v. DeTella,* 95 F.3d 586, 591 (7th Cir. 1996). Regarding the timing of treatment, "anyone who has ever visited a doctor's office knows that some delays in treatment are inevitable, particularly absent life-threatening emergency. Such delays are even more likely in the prison environment." *Berry v. Peterman,* 604 F.3d 435, 442 (7th Cir. 2010).

**<u>Discussion</u>**

Defendant disputes that Plaintiff had an objectively serious medical need (Doc. 27). However, the Court is not prepared to find that a probable foot fracture is not-serious. Plaintiff's claim nevertheless fails to state a claim for deliberate indifference under the Eighth Amendment because Defendant has simply *not* disregarded a harm. Defendant treated Mr. Shoemaker on the

day of his accident.   At that initial evaluation, Defendant prescribed pain medication.   He also prescribed a course of treatment designed to alleviate pain by keeping weight off of the injured foot.   Plaintiff was seen for five additional follow-up appointments.   His foot was casted, he received additional prescriptions for "lay-in" time, and he was prescribed additional pain medication.   The record is clear that there were instances when Mr. Shoemaker indicated to medical staff that he was *not* in pain.   Mr. Shoemaker was treated for his injury, and there is simply no evidence that Defendant Krieg was deliberately indifference here.

**Conclusion**

Defendant's motion for summary judgment (Doc. 27) is **GRANTED**.   This action is dismissed on the merits, with prejudice.   Judgment will enter for Defendant and this matter shall be closed on the Court's docket.

**IT IS SO ORDERED.**

**DATED**:   March 29, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge